COLE v. BLOYED (two cases).

Opinion delivered February 14, 1921.

CORPORATIONS—INSOLVENT CORPORATION—PREFERENCE.—Under Crawford & Moses' Digest, § 1800, preferences obtained against an insolvent corporation by attachment can not be set aside in chancery "unless complaint thereof be made within ninety days after the same is given or sought to be obtained."

Appeal from Marion Chancery Court; *Ben F. McMahan*, Chancellor; and Marion Circuit Court; *J. M. Shinn*, Judge; affirmed.

### STATEMENT OF FACTS.

On the 3d day of October, 1919, J. M. Bloyed filed a suit in attachment against the Bankers Mining Company, and as ground therefor alleged that said company was indebted to him on a promissory note in the sum of $2,002.50, and was a foreign corporation. An attachment was duly issued and levied by the sheriff upon the property of the Bankers Mining Company on the 7th day of October, 1919. On the 30th day of January, 1920, the circuit court sustained the attachment and ordered a sale of the property to pay Bloyed's debt. Pursuant to the orders of the court, the property was sold by the sheriff on the 20th day of March, 1920, at public sale after being duly advertised. On March 11, 1920, Charles Cole filed a proceeding in the chancery court to wind up the affairs of the Bankers Mining Company as an insolvent corporation and asked that his claim for services in taking care of the mine be allowed under the statute as a preferred claim. On the 27th day of April, 1920, Charles Cole filed an amendment to his original complaint in which he asks that J. M. Bloyed and the sheriff of the county, who had seized the property of the corporation under the attach-

ment proceedings above referred to, should be made parties.

Bloyed and the sheriff entered their appearance in the chancery court and filed a demurrer. The chancellor sustained the demurrer, and, the plaintiff having declined to plead further, his complaint was dismissed, in so far as it affects the sheriff and J. M. Bloyed, for want of equity.

The decree was entered of record on April 29, 1920, and Charles Cole has duly prosecuted an appeal to this court. After this decree was rendered, Cole filed an intervention in the attachment case in the circuit court, and set up the facts above recited.

The circuit court denied him relief, and from that judgment he has also prosecuted an appeal to this court.

*Allyn Smith,* for appellant.

1. In the chancery case the court erred in sustaining the demurrer and in holding that court had no jurisdiction. In the law case the court erred in overruling the demurrer of intervener to the plea in bar and holding that the chancery proceedings was a bar to intervener's petition in the law case.

Both the sheriff and Bloyed were proper parties. 84 S. W. 1040 (Col. 2); 74 Ark. 93. The lien is claimed under Kirby's Digest, § 5359, giving a lien on the output, machinery, tools, etc., in any mine in this State. Statutes giving liens to laborers, etc., should be liberally construed. 104 U. S. 176-9; 94 *Id.* 545. A watchman and caretaker are entitled to the probation of the statute. 21 Pac. 413-415; 12 Pac. 433; 104 U. S. 176. The statutes of various States are substantially the same as ours, and their construction is strongly advisory and persuasive, and, if followed (21 Pac. 413), is decisive of the claim of plaintiff for a lien as caretaker and custodian. Plaintiff was in possession of the property when seized by the sheriff, and if he had not a statutory lien, yet as a bailee

he had the right to retain possession until his lien was satisfied. 36 Ark. 276; 94 Kan. 38, 41-2.

The attachment did not displace nor supersede tne lien of plaintiff. 15 Ark. 343-4; 58 *Id.* 252; 24 S. W. 496. Neither the attaching creditor nor the purchaser takes any greater interest than the debtor himself had. 24 S. W. 499.

The statute vests in the chancery court jurisdiction of the estate of insolvent corporations and may be instituted by any creditor. Kirby's Digest, § 950. Section 949 gives preference to wages of laborers and employees and the only limitation on the power of the chancery court is that complaint must be made within ninety days. Kirby's Digest, § 951. This would include an attachment, but such attachment would not displace the lien of the plaintiff, the laborer. 58 Ark. 252.

The lien of plaintiff was enforcible in equity. 101 Ill. App. 13; 178 Ill. 107; 68 Am. St. 290; 182 Ala. 291; Ann. Cas. 1915, 758.

Where one has a lien on property which is taken, and said property wrongfully converted by another with notice of such lien, the lien attaches to the proceeds of the property. 36 Ark. 575; 72 *Id.* 132; 92 *Id.* 248; 126 *Id.* 281. Wherever a lien is to be enforced, the right of the parties to resort to equity is unquestioned. 33 Ark. 233; 38 *Id.* 387. Equity has jurisdiction to determine the priority of liens between creditors (59 Miss. 327; 53 Ark. 140; 47 *Id.* 41), and will always enforce a lien or declare priorities. 92 Ark. 248; 72 *Id.* 132. See, also, 72 Ark. 132; 36 *Id.* 575.

Whatever may have been the rule prior to act April 14, 1883 (§§ 949-52, Kirby's Digest), see 52 Ark. 426; 12 S. W. 876. The chancery court is expressly given jurisdiction by this statute, in a suit by a creditor to declare priority of all the claims of creditors against the corporation, and the court erred in sustaining the demurrer of Bloyed and Flippin to the complaint.

2. Under §§ 949-52, Kirby's Digest, any creditor has the right to institute proceedings to wind up the affairs of an insolvent corporation and distribute its assets and the filing of the complaint vested in the chancery court exclusive jurisdiction over the estate of the Bankers Mining Company, and Bloyed and Flippin, or any other person who had assets of the insolvent corporation or claimed to be a creditor, were proper parties, and when chancery took jurisdiction for any purpose it took for all purposes. 14 Ark. 50; 30 *Id.* 278; 114 *Id.* 206. Its receiver became custodian for all purposes of all the assets of the insolvent corporation. Cole was a creditor and had a lien, and there is no conflict of jurisdiction between the equity court and the law court. The jurisdiction is well defined, and both subject to the same Supreme Court. A conflict of jurisdiction is not possible. 56 Ala. 138-143; 91 Pac. 276. If our construction of Kirby's Digest, §§ 949, 952, is correct, then the action of the chancery court in declining to direct its receiver to take the custody and control of the assets of the Bankers Mining Company and in dismissing Bloyed and the sheriff from the case was erroneous. The complaint stated a cause of action, and it was error to decline to take jurisdiction and in sustaining the demurrer of Bloyed and the sheriff.

If the complaint in the chancery case did state a cause of action within its jurisdiction, the ruling of chancellor was erroneous; if it did not, then the proceeding was not a bar, and the ruling in the law case was error and must be reversed.

*Williams & Seawell,* for appellee.

1. The rights of the parties to this litigation were determined by the decree of the chancery court. The same facts were pleaded as those set up in the intervention in the circuit court. If the complaint in chancery court stated a cause of action against the sheriff or Bloyed, appellant should have moved to transfer to the law court. When appellant refused to plead further and the court dismissed his complaint, his rights were adju-

dicated and there was error; his remedy was by appeal. He can not abandon his equity case and proceed in another court. 63 Ark. 254; 99 *Id.* 433. The plea of former adjudication was properly sustained.

2. Appellant had no lien on the property of the insolvent corporation, under Kirby's Digest, §§ 949-952. This statute does not displace liens on property of insolvent corporations, but the receiver takes the property subject to all valid liens at the time of his appointment. 97 Ark. 534.

Bloyed's attachment was a lien from the date of its levy, October 7, 1919. C. & M. Digest, § 512. After the expiration of ninety days the lien of the attachment became fixed absolutely, and it was not within the power of the chancery court to vacate it or set it aside. 67 Ark. 11; 109 *Id.* 584; 114 *Id.* 26.

3. Appellant did not have a lien by virtue of § 5393, Kirby's Digest. 50 Ark. 244; 54 *Id.* 522; 69 *Id.* 23; 71 *Id.* 334. The decree of the chancery court was an adjudication of all appellant's rights and is in accordance with law.

HART, J. (after stating the facts). Cole seeks his relief under sections 1798 to 1800 inclusive of Crawford & Moses' Digest. He was the caretaker at the mine of the Bankers Mining Company, and that company owed him for his services.

Section 1798 of the digest referred to provides that no preferences shall be allowed among creditors of insolvent corporations except for the wages of the laborers and employees.

Section 1799 provides that the procedure for winding up insolvent corporations shall be in the chancery court.

Section 1800 reads as follows: "Every preference obtained or sought to be obtained by any creditor of such corporation, whether by attachment, confession of judgment or otherwise, and every preference sought to be given by such corporation to any of its creditors, in contemplation of insolvency, shall be set aside by the chan-

cery court, and such creditor shall be required to re-
linquish his preference and accept his *pro rata* share in
the distribution of the assets of such corporation; *pro-
vided,* no such preference shall be set aside unless com-
plaint thereof be made within ninety days after the same
is given or sought to be obtained.''

Cole waited too late to file his proceedings in the
chancery court to wind up the affairs of the Bankers
Mining Company as an insolvent corporation, to obtain
a preference under the statute.

The section just quoted provides that every prefer-
ence obtained by attachment or otherwise shall be set
aside by the chancery court; *provided,* that no such pref-
erence shall be set aside unless complaint thereof be made
within ninety days after the same is given or sought to
be obtained. Cole did not comply with the statute. The
preference by attachment was completed by a levy on the
property of the corporation under the attachment pro-
ceedings on the 7th day of October, 1919. Cole did not
file his complaint in the chancery court until March 11,
1920. This was longer than the ninety days given him
under the statute, and he was barred of his relief. The
decree of the chancellor was correct and must be affirmed.

After the decree against him in the chancery court
was rendered, Cole filed an intervention in the attach-
ment suit in the circuit court and set up the same state
of facts as was shown in the chancery court. The circuit
court correctly denied him relief there. The very iden-
tical question he sought to have adjudicated in the cir-
cuit court had already been adjudicated in the chancery
court. Therefore, the judgment in the circuit court must
also be affirmed.